**SGT Nathaniel Bar-Levy**
U.S. Army Service Member

P.O. Box 203
Dunnellon, FL 34430
352-581-9495
barlevynathaniel@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| SGT Nathaniel Bar-Levy,<br>**Plaintiff,**<br><br>v.<br><br>Marion County Animal Services;<br>Pamela Butscher, in her official capacity<br>as Animal Center Manager, and in her<br>individual capacity,<br>**Defendants.** | Case No: 5:25-CV-527-KKM-PRL<br><br>**EMERGENCY**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983** |

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to **42 U.S.C. § 1983** to prevent Defendants from seizing and irreversibly neutering Plaintiff's dog without due process of law and in violation of Plaintiff's constitutional rights.

2. Plaintiff seeks declaratory and injunctive relief because Defendants' threatened action burdens Plaintiff's sincerely held religious beliefs, protected by the Free Exercise Clause of the First Amendment, and deprives Plaintiff of property rights without the notice and hearing required by the Due Process Clause of the Fourteenth Amendment.

1

3.   Defendants have notified Plaintiff that unless Plaintiff consents to neutering, Plaintiff's dog will be seized and altered on or before Tuesday, **August 26, 2025**, without any hearing or process.

4.   Once performed, neutering constitutes an irreversible and permanent alteration of the animal. Plaintiff faces irreparable harm absent immediate judicial intervention.

## II.   JURISDICTION AND VENUE

5.   This action is brought under **42 U.S.C. § 1983,** which provides a civil remedy against any person who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States. Plaintiff alleges violations of his rights under the First and Fourteenth Amendments.

6.   This Court has federal question jurisdiction pursuant to **28 U.S.C. § 1331** because Plaintiff's claims arise directly under the Constitution and laws of the United States, specifically the First and Fourteenth Amendments as enforced through **42 U.S.C. § 1983.**

7.   This Court has jurisdiction under **28 U.S.C. § 1343(a)(3)** because Plaintiff seeks redress for the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court also has jurisdiction under **§ 1343(a)(4)** because Plaintiff seeks equitable and declaratory relief under laws providing for the protection of civil rights.

8.   Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to Plaintiff's claims occurred in Marion County, Florida, and the Defendants are located in Marion County, Florida.

9.   Marion County is within the **Ocala Division** of the United States District Court for the Middle District of Florida. Accordingly, the venue is proper in this Division.

10.   Plaintiff resides in Marion County, Florida. Plaintiff's dog, the subject of this action, is also located in Marion County, Florida. The threatened seizure and neutering that form the basis of this complaint will take place in Marion County, Florida.

11.   Defendant Marion County Animal Services is a governmental department of Marion County, Florida, operating under the authority of the County government and enforcing County ordinances within Marion County.

**12.** **Defendant Pamela Butscher**, in her **official capacity** as Animal Center Manager for Marion County Animal Services, is responsible for implementing and enforcing the policies and practices challenged in this lawsuit. Defendant Butscher also exercises supervisory authority over the care, handling, and disposition of impounded animals within Marion County.

**13.** Because all operative facts, parties, and the threatened harm are tied to Marion County, Florida, and the dog at issue is currently impounded within Marion County, this Court — the **United States District Court for the Middle District of Florida, Ocala Division** — is the proper forum for adjudicating this dispute.

### III.   PARTIES

**14.** **Plaintiff, SGT Nathaniel Bar-Levy,** is a United States Army service member residing in Marion County, Florida. Plaintiff is the lawful owner of **Snow** a male Argentinian Mastiff (Dogo Argentino) dog under twelve (12) months of age, who resides with him and his family in Marion County.

**15.** **Defendant, Marion County Animal Services,** is a department of Marion County, Florida, charged with the enforcement of animal control ordinances, including seizure and sterilization of dogs.

**16.** **Defendant, Pamela Butscher,** is the Animal Center Manager for Marion County Animal Services. She is sued in both her **official capacity** (as a policymaker for the county) and **individual capacity** (for personally participating in or directing the threatened unconstitutional action). At all times relevant, Defendant Butscher acted under color of state law.

### IV.   FACTUAL ALLEGATIONS

#### A.   PLAINTIFF'S OWNERSHIP OF THE DOG

**17.** Plaintiff **SGT Nathaniel Bar-Levy**, a U.S. Army service member, is the lawful owner of a **male dog under twelve (12) months old**, who resides with Plaintiff and his family in Marion County, Florida. The dog is licensed, cared for, and maintained as a goat farm's protective animal and family companion animal.

**18.** Plaintiff has invested significant time, money, and care into raising and maintaining the health and well-being of his dog. Under **Florida law**, domesticated dogs are considered personal property. **See Levine v. Knowles, 197 So. 2d 329, 331**

**(Fla. 3d DCA 1967).** Any action that permanently alters or destroys the dog's reproductive capacity constitutes an unlawful and irreversible alteration of Plaintiff's property rights.

### B. SEIZURE OF THE DOG BY ANIMAL SERVICES

**19.** On or about **August 23, 2025**, due to bad weather, Plaintiff's dogs a male and female named Snow and Coco escaped from Plaintiff's fenced property and were picked up by Defendant Marion County Animal Services, under the supervision of Defendant **Pamela Butscher**, Animal Center Manager.

**C.** Shortly thereafter, Plaintiff contacted Animal Services, identified himself as the lawful owner, and sought the prompt return of his dogs. Despite this, Defendants returned unconditionally and unaltered the female dog Coco and **refused to return** the Male dog Snow unaltered and instead conditioned its return on Plaintiff's agreement to surgical sterilization. Defendants refused to show the county ordinance and or provide a written legal reason for the dog's seizure.

### D. THREAT OF FORCED NEUTERING

**20.** On **August 23, 2025**, Defendants notified Plaintiff that unless he consented to neutering, the dog would be seized and surgically altered no later than **Tuesday, August 26, 2025**, without further hearing or opportunity for Plaintiff to be heard.

**21.** This threat of sterilization represents an imminent and irreversible harm. Neutering is an invasive surgical procedure that permanently alters the animal's reproductive system. Once performed, the harm cannot be undone, and Plaintiff's property rights will be permanently diminished. Defendant again refused to provide copies of the county ordinance and or a way of appealing her decision and instead was trying to coerce plaintiff to accept the neutering of his dog Snow.

**22.** Plaintiff's dog is **under twelve (12) months of age**. Many municipal ordinances—including comparable Florida county ordinances—do not require sterilization until a dog reaches one year of age and typically include exemptions for medical, service, or breeding considerations. Defendants' threat to sterilize Plaintiff's young dog without such exemptions demonstrates arbitrary and unconstitutional enforcement

### E. PLAINTIFF'S SINCERELY HELD RELIGIOUS BELIEFS

23. Plaintiff, since birth, has been an adherent of the Jewish faith. In accordance with Torah law (Leviticus 22:24), castration of male animals is expressly prohibited for Jews and non Jews. This commandment is known in Jewish law as *sirus* and is a serious religious prohibition codified into Jewish Religious Laws reads as follow:

> The Torah (Vayikra-Leviticus 22:24) **states that castrating men and male animals is forbidden**. This prohibition is known as *sirus*. It is also forbidden to remove a woman and female animal's reproductive organs. **The Gr"a is of the opinion that this is a Torah prohibition**.

> The *Gemara* quotes an opinion that the prohibition against castrating male animals **applies to both Jews and non-Jews**. According to this view, a non-Jew is not allowed to castrate his own animal.

> The **Shulchan Aruch** ( The Shulchan Aruch (Hebrew: שֻׁלְחָן עָרוּךְ, romanized: šulḥān ʻaruḵ, lit. 'Set Table' [ʃulˈħɔn ʕaˈruχ]),[a] often called "the Code of Jewish Law", is the most widely consulted of the various legal codes in Rabbinic Judaism. It was authored in the city of Safed in what is now Israel by Joseph Karo in 1563 and published in Venice two years later. Together with its commentaries, it is the most widely accepted compilation of halakha or Jewish law ever written.) pursuant to its paskens this latter way, and states that it is forbidden to instruct a non-Jew to castrate a Jew's animal. The Rema adds that according to this opinion a Jew may sell an animal to a non-Jew even if he knows that the non-Jew will castrate it. The Rema states that in the Gemara it is forbidden for a non-Jew to castrate his own animal. The Rema adds that according to this viewpoint it is forbidden to sell an animal to a non-Jew if it is certain that he will castrate it, as doing so would transgress the prohibition of *lifnei iver* (**causing someone else to sin**).

Plaintiff sincerely holds this belief and is prohibited by his faith from authorizing, permitting, or passively acquiescing in the sterilization of his dog. Authorizing the neutering of his dog would constitute direct participation in a religious violation, forcing Plaintiff to choose between obedience to his faith and compliance with Defendants' mandate. Plaintiff has communicated his religious objection to Defendants, but his objection was disregarded.

### F. LACK OF DUE PROCESS PROTECTIONS

24. Defendants have not provided Plaintiff with a meaningful opportunity to contest the seizure or sterilization of his dog before a neutral decisionmaker.

25. Defendants' policy and practice—conditioning the return of a lawfully owned animal on mandatory sterilization without notice or hearing—violates the Due Process Clause of the Fourteenth Amendment. Plaintiff has no administrative or judicial avenue to assert his rights before the threatened **Tuesday, August 26, 2025**, deadline, making federal judicial intervention the only available recourse.

### G. IRREPARABLE HARM

26. **If Defendants are not restrained by this Court, Plaintiff's dog will be surgically neutered on or before Tuesday, August 26, 2025.**

27. Plaintiff will suffer irreparable harm in at least three respects: (a) **violation of his sincerely held religious beliefs**, which courts recognize as an irreparable constitutional injury; (b) **permanent and irreversible alteration of his property, which monetary damages cannot repair**; and (c) **deprivation of his due process rights under the Fourteenth Amendment.**

### V. LEGAL STANDARD

28. Plaintiff seeks a Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to **Rule 65** of the **Federal Rules of Civil Procedure and Local Rule 6.01** of the Middle District of Florida. In the Eleventh Circuit, a party seeking preliminary injunctive relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any harm that the injunction might cause the opposing party; and (4) that the injunction, if issued, will not disserve the public interest. See **Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).** The purpose of such relief is to preserve the status quo pending a full determination on the merits. **See Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974)** (binding precedent in the Eleventh Circuit).

29. Federal courts consistently recognize that constitutional violations, particularly those implicating First Amendment rights, constitute irreparable harm as a matter of law. See **Elrod v. Burns, 427 U.S. 347, 373 (1976)** ("The loss of First

Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Likewise, permanent destruction or alteration of property without due process constitutes irreparable harm where, as here, the threatened injury cannot be remedied by money damages. See **Fuentes v. Shevin, 407 U.S. 67, 81–82 (1972).**

30.     Where government action threatens irreparable harm and implicates constitutional rights, the balance of equities and the public interest generally favors protecting those rights. See **KH Outdoor, L.L.C. v. City of Trussville, 458 F.3d 1261, 1272 (11th Cir. 2006).** For these reasons, courts routinely grant TROs and preliminary injunctions to prevent imminent and irreversible harm while ensuring the parties' rights are adjudicated on the merits.

## VI.     LEGAL ARGUMENTS

### A.     PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

31.     Plaintiff brings this action under **42 U.S.C. § 1983,** which provides a civil cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." **42 U.S.C. § 1983.** Defendants Marion County Animal Services and its Director, acting under color of state law, are attempting to deprive Plaintiff of fundamental constitutional rights secured by the First and Fourteenth Amendments.

32.     The due process claim provides Plaintiff a clear path to success. Florida law expressly recognizes that dogs are property. See **La Porte v. Associated Independents, Inc., 163 So. 2d 267, 268 (Fla. 1964).** The Supreme Court has long emphasized that property cannot be **seized, destroyed,** or **permanently altered** by government actors without notice and an opportunity for a hearing. **Fuentes v. Shevin, 407 U.S. 67, 80–81 (1972)** ("The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to contest."). Here, Defendants threaten permanent surgical alteration of Plaintiff's dog without affording any pre-deprivation hearing or meaningful review. Such

action is plainly inconsistent with the Fourteenth Amendment's guarantee of due process.

33. Plaintiff also has a colorable Free Exercise claim. The First Amendment provides that "Congress shall make no law … prohibiting the free exercise" of religion. U.S. Const. amend. I. This provision, incorporated against the states through the Fourteenth Amendment, protects individuals from government action that substantially burdens sincerely held religious beliefs. In **Church of the Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 533–34 (1993)**, the Court struck down municipal ordinances targeting religious animal sacrifice, holding that laws burdening religion without neutrality or general applicability trigger strict scrutiny. Plaintiff's faith — **rooted in Torah law** (Leviticus 22:24) — prohibits the castration of male animals, a religious prohibition known as *sirus*. By conditioning the return of Plaintiff's property on his acquiescence to a religious violation, Defendants substantially burden his free exercise. At a minimum, Plaintiff has shown a "substantial case on the merits," which courts in the Eleventh Circuit recognize as sufficient when irreparable harm is otherwise present. See **Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)**.

### B. PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT INJUNCTIVE RELIEF

34. The requirement of irreparable harm is easily met in this case. First, constitutional violations are, by their very nature, irreparable. **Elrod v. Burns, 427 U.S. 347, 373 (1976)** ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Courts in the Eleventh Circuit consistently recognize that injuries to religious liberty are not compensable by monetary damages and therefore meet the irreparability requirement. See **Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (2020)** (per curiam) (religious liberty violations constitute irreparable harm warranting injunction).

35. Second, the physical alteration of Plaintiff's dog through neutering constitutes a classic example of irreparable harm. Once performed, sterilization is permanent and irreversible. No award of money damages could restore Plaintiff's property to its original state. Courts recognize that the destruction of property

without due process is irreparable. See **Catron v. City of St. Petersburg, 658 F.3d 1260, 1266–67 (11th Cir. 2011)** (homeless persons had constitutionally protected property rights in their belongings; summary destruction constituted unlawful deprivation). Likewise, **Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982),** emphasized that procedural due process is necessary where permanent deprivations are threatened.

36. Thus, Plaintiff faces dual irreparable harms: (1) violation of sincerely held religious beliefs, and (2) permanent, irreversible loss of property. Both independently justify emergency relief.

### C. THE BALANCE OF EQUITIES STRONGLY FAVORS PLAINTIFF

37. The equities tilt heavily toward Plaintiff. Without relief, Plaintiff faces permanent deprivation of his rights and irreversible harm to his property. Defendants, by contrast, suffer only a temporary delay in enforcing sterilization. Federal courts repeatedly hold that when constitutional rights are at stake, the balance of harms favors the protection of those rights. See **Legendary Stone Arts, LLC v. Godfather's Pizza, Inc., 725 F. Supp. 2d 1354, 1363 (S.D. Fla. 2010)** (citing Eleventh Circuit precedent that irreparable constitutional injury outweighs government inconvenience).

38. Further, sterilization is not the least restrictive means of advancing animal control. The Supreme Court has stressed that when fundamental rights are burdened, the government must pursue its goals in a narrowly tailored way. **Sherbert v. Verner, 374 U.S. 398, 407 (1963).** Defendants could pursue licensing, monitoring, or fines, which would serve their interests without forcing Plaintiff to violate his faith or lose property permanently. Because less restrictive alternatives exist, the equities lie squarely with Plaintiff.

### D. AN INJUNCTION SERVES THE PUBLIC INTEREST

39. The public interest is best served when constitutional rights are upheld. As the Eleventh Circuit explained, "the public interest is always served in promoting

First Amendment values." **KH Outdoor, L.L.C. v. City of Trussville, 458 F.3d 1261, 1272 (11th Cir. 2006).** The same principle extends to Fourteenth Amendment protections of property and due process. Protecting Plaintiff's rights here affirms the rule of law and ensures governmental actors operate within constitutional boundaries.

**40.** Defendants may argue that neutering serves animal population control, a legitimate interest. Yet generalized public welfare objectives cannot override specific constitutional rights. See **West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 639 (1943)** ("Fundamental rights may not be submitted to vote; they depend on the outcome of no elections."). A short injunction here merely pauses sterilization until the Court can consider the merits — it does not undermine animal welfare regulation. Upholding constitutional rights while preserving the status quo clearly advances the public interest.

### E. DEFENDANTS' ACTIONS VIOLATE FUNDAMENTAL PROCEDURAL DUE PROCESS RIGHTS

**41.** The Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property, without due process of law." **U.S. Const. amend. XIV, § 1.** Plaintiff's dog is legally recognized as property. **La Porte, 163 So. 2d at 268.** Defendants' announced policy — sterilizing the dog by Tuesday, August 26, 2025, without hearing — deprives Plaintiff of property without due process.

**42.** The Supreme Court has emphasized that notice and a hearing must precede government action that results in the permanent deprivation of property. **Mathews v. Eldridge, 424 U.S. 319, 333 (1976).** In **Fuentes, 407 U.S. at 80–81,** the Court invalidated state replevin procedures that allowed seizure without hearing, stressing that even temporary property deprivations require due process. Here, the harm is not temporary but permanent. Defendants' refusal to provide Plaintiff with a hearing prior to sterilization plainly violates procedural due process.

### F. NARROWLY TAILORED RELIEF MINIMIZES ANY BURDEN ON DEFENDANTS

43. The injunctive relief sought is modest and carefully tailored. Plaintiff seeks only a temporary restraint preventing neutering of his dog until this Court can resolve the merits. The Eleventh Circuit has emphasized the propriety of narrowly tailored injunctions that protect rights while minimizing burdens on defendants. **Scott v. Roberts, 612 F.3d 1279, 1297 (11th Cir. 2010)** (tailoring injunctions to the least intrusive scope consistent with the plaintiff's rights).

44. Defendants remain free to enforce leash laws, licensing, and health codes. Plaintiff does not challenge the County's general animal control authority, only the narrow and irreversible mandate to sterilize his dog without due process and in violation of religious belief. Because the requested relief preserves the status quo without impairing the County's broader interests, the minimal burden on Defendants weighs strongly in favor of granting relief.

### VII. PRAYER FOR RELIEF

45. WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and grant the following relief:

a) **Temporary Restraining Order.** Issue an immediate Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with them from seizing, neutering, castrating, sterilizing, or otherwise altering Plaintiff's dog, Snow a white Argentinian Mastiff (Dogo Argentino) pending further order of this Court.

b) **Preliminary Injunction.** Upon notice and hearing, issue a Preliminary Injunction extending the above relief for the duration of this case to preserve Plaintiff's constitutional rights and the status quo until final judgment.

c) **Declaratory Judgment.** Enter a declaratory judgment pursuant to **28 U.S.C. §§ 2201–2202** declaring that Defendants' policy and threatened action, as

applied to Plaintiff, violate the First and Fourteenth Amendments to the United States Constitution.

  **d)**   **Other Relief.** Grant such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: August 24, 2025
Respectfully submitted,

Sgt. Nathaniel Bar-Levy
P.O. Box 203
Dunnellon, FL 34430
352-581-9495
barlevynathaniel@gmail.com

## CERTIFICATE / PROOF OF SERVICE

I hereby certify that on this 24th day of August, 2025, I served a true and correct copy of the following documents:

 **a)** COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983;

 **b)** PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;

 **c)** DECLARATION OF PLAINTIFF;

 **d)** [PROPOSED] TEMPORARY RESTRAINING ORDER;

upon Defendant **Pamela Butscher**, Animal Center Manager, Marion County Animal Services, by the following method(s):

☑ **Personal delivery** to:
Marion County Animal Services
5701 SE 66th St
Ocala, FL 34480

☐ **Certified mail, return receipt requested** addressed to Defendant at the above office.

☑ **Email and/or fax** (if available) to Defendant and/or Marion County Attorney's Office.

Copies were also provided to the **Marion County Attorney's Office**, 601 SE 25th Ave, Ocala, FL 34471, consistent with Rule 5(b) of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August, 2025, at Marion County, Florida.

_____
SGT Nathaniel Bar-Levy
Pro Se Plaintiff
P.O. Box 203
Ocala, FL 34430
352-581-9495
barlevynathaniel@gmail.com